Read, J.
The special, pleas in this case, if we follow the authority of Gregory and wife v. Hill, 18 Dunf. & East, 169, *456 are not a sufficient answer to the declaration. That case was an action of assault and battery on the plaintiff’s wife, alleging she was hurt, bruised, wounded, and repeated times knocked down, &c. The plea was that she entered the de fendant’s house and remained there without license, making a great noise and disturbance, that defendant requested her to cease her noise and quietly depart out of the house, which she refused to do; whereupon the defendant gently laid his hands upon her and turned her out of the house, which is the same assaulting, beating, &c., complained of in the declaration. A demurrer was put in to this plea, assigning for cause that it was no justification for the blows, &c. The Court said the case was too plain for argument, that a plea of moliter manus imposuit would justify w’hat the law considered as an assault, such as might be necessary to put the party out of the house without outrage and violence, yet it never was considered as any answer to a charge, such as contained in the declaration, of beating, wounding and knocking the party down. In the case of Weaver v. Bush, 8 Durnf. & East, Lawrence, J., says, the defendant ought not in the first instance to begin with striking the plaintiff; but the law allows him, either in defence of his person dr possessions, to lay his hand on the plaintiff; and then he may say (in his plea) if any further mischief accrued it was in consequence of the plaintiff’s own act, so that the battery follows from the resistance. Thus the law is, that in defence of possessions,' an assault by the gently laying on of hands is justifiable, but not a battery, except it result from resistance and violence. To constitute a good plea toi a violent battery, the facts must be averred which form a justification in law. Measured by this rule the 2d and 3d pleas of the defendant in this case were not a full answer, because whilst they allege facts which justify the assault, they do not state sufficient to justify the battery. But upon these pleas the parties proceed to form an issue, and although found for the defendant, it still leaves the plaintiff’s right to recover for the violent battery unanswered. In this view of the case, the jury find on the generaí issue for *457 the plaintiff, and that the assault and battery was committed, and find that both an assault and battery were justified in fence of possession; but that there was excess, for which assess damages $>6 41. Now here are. two verdicts or two findings; one for the plaintiff and the other for the defendant; both of which may stand, to wit, it is found for the plaintiff, that the assault and battery was committed, and for the defendant, if the finding of the jury be limited to the pleadings, that the assault was justified, leaving the battery unanswered, and then they find further that there was excess.
Now under these circumstances the question is, for whom should the Court render judgment ?
The issue in this case is not immaterial — for an immaterial issue is when a material allegation in the pleading is not answered ; but issue taken upon some other point which, though found by verdict, will not determine the merits, but leaves the Court at a loss for which of the parties to give judgment. In such case the Court from necessity must award a repleader. In the case under consideration, the issue is not immaterial, but too narrow, and although it leaves a material allegation (so far as the special pleas are concerned) not traversed, yet it confesses it. The special pleas confess both the Assault and Battery, and avoids the Assault only ; the replication admits the truth of the matter plead in bar, and sets up new matter in avoidance, upon which issue is taken and found for the defendant. Thus from the whole record it appears that the plaintiff, notwithstanding the verdict, has good cause of action.
When a plea confesses the action and does not sufficiently avoid it, judgment shall be given upon the confession, without regard to the verdict for the defendant. The distinction between a repleader upon an immaterial issue and a judgment non obstante veredicto, is this, if the plea be good in form but lack substance, so that when found for the defendant it still leaves a cause of action for the plaintiff, then judgment non obstante veredicto will be rendered for the plaintiff. But when a *458 good defence is informally stated, and issue is made up on an immatenal part of it, so that it leaves the merits undetermined, the Court will order a repleader. So a judgment now obstante veredicto is always upon the. merits, and a -repleader upon the form and manner of pleading.
Now the facts set up in the defendant’s pleas, put in any form that they can be plead, constitute, and can constitute, no defence to the plaintiff’s cause of action as set forth in his declaration. It would be necessary to make these pleas good, to state the additional facts, that the violent battery resulted from the unlawful resistance and violence of the plaintiff himself, in resisting the defendant in gently removing him from his premises, as he had lawful authority to do.
It may be said that judgment non obstante veredicto ought not to be rendered, because perhaps the defendant might, on amendment, have plead additional facts sufficient to constitute a complete defence. But the ’ rule is to construe a plea most strongly against the pleader, and the presumption is that the pleader set up his full defence.
If the Court should reverse the judgment upon the ground that the jury found that there was excessive beating, a fact lying outside of this issue', and that the Court should not have rendered judgment upon it, what then follows ? Why the jury found for the defendant, if in the state of the pleadings the Court were of opinion they could not find for the plaintiff on the ground of excess. Had the verdict been simply for the defendant, upon the special issues, the same difficulty would remain, to wit: that notwithstanding the verdict of the jury, the battery would remain still unanswered, and entitle the plaintiff to a judgment, notwithstanding the verdict. But we cannot reverse the judgment upon the ground that perhaps the party might amend his plea. Under all the circumstances there is nothing to show that the plea could be amended. The judgment upon the record is right.
But it comes at last to this, that it is a matter of some im *459 portance that those who engage in the practice of' law should be skilled in their profession, and that a case may from want skill be so shaped that injury will almost inevitably result. in the present case the presumption is, that the able counsel who conducted this cause, placed it in the best position the facts would warrant, and mindful of the maxim of Lord Coke, that the beauty of a plea consisted in jts truth, put in the plea that he did, not from an ignorance of the law, but because the truth would warrant nothing more.
- But on judgments non obstante veredicto a writ of inquiry should go to determine the damages. But in this case the jury have assessed the damages in an alternative verdict. If judgment could be rendered for the plaintiff, the damages should be $6 41. But it may be said that the damages in this case were given for the excessive beating. They were damages assessed for the Battery, or part of it.- The plaintiff is entitled to judgment upon the record for the Battery, and is content with the amount of the judgment. If we should attempt to remodel this whole case by reversing the judgment rendered, notwithstanding the verdict, we should place the case upon the declaration and the general issue, without any assurance that other pleas could be put in which would better work out justice between the parties.
We have not spoken of the demurrer which was put in to the sufficiency of the pleas. The -pleas were good as far as they went. The demurrer was overruled and replication put in and issue made up. We have treated the case precisely as though the demurrer had never been filed, because as the record presents the question, the demurrer does not affect it, and has nothing to do with the case.

Judgment affirmed.